977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theodore C. SHOVE, Petitioner-Appellant,
v.
James UPCHURCH, et al., Respondent-Appellee.
 No. 91-16836.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992*
Decided Oct. 2, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shove, an Arizona state prisoner, appeals pro se from an order of the district court barring him from filing any further pleadings without the court's permission. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.
 
 
 3
 On July 17, 1991, the district court rejected Shove's motion under Federal Rule of Civil Procedure 59(e) to set aside its judgment denying Shove's habeas petition. On September 17, 1991, the district court denied Shove's "Motion for Clarification of Judgment and Points of Authority and Motion for Hearing on Obstruction of Justice and Preliminary Injunction." As part of its order, the district court barred Shove from filing any further pleadings without the court's permission. Shove filed this appeal on September 27, 1991.
 
 
 4
 Shove contends that his conviction violated his constitutional rights on several grounds and attacks the order of the district court denying his habeas petition. However, Shove did not file notice of appeal from the district court's denial of his motion to alter or amend judgment within the 30 days required by Federal Rule of Appellate Procedure 4(a)(1) and (4). Consequently, his appeal is timely only with respect to the district court's order of September 17.
 
 
 5
 In his opening brief, Shove merely mentions that the district court barred him from filing further pleadings without leave of the court as a piece of procedural history. He does not present any facts or legal argument that would suggest that the district court acted inappropriately. In general, "the court must construe [pro se] pleadings liberally and must afford plaintiff the benefit of the doubt." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988). Federal Rule of Appellate Procedure 28(a)(4), however, states that an appellant's brief must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Pro se litigants are not excused from supporting their claims with legal argument. See Acosta-Huerta v. Estelle, 954 F.2d 581, 586 (9th Cir.1992); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988). Because Shove makes no argument with respect to the district court's order, we deem this issue abandoned.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Shove's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3